```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| SOUTHERN BANK AND TRUST COMPANY | : | |
| | : | |
| v. | : | Civil Action No. DKC 15-2273 |
| | : | |
| PREM P. AGARWAL, et al. | : | |

**MEMORANDUM OPINION AND ORDER**

On January 15, 2016, Plaintiff Southern Bank and Trust Company ("Plaintiff") filed the pending motion to compel Defendant Leena Agarwal to provide responses to interrogatories and requests for production under Federal Rule of Civil Procedure 37(a)(3)(B). (ECF No. 28). Ms. Agarwal responded on January 25 (ECF No. 32), and Plaintiff did not reply.

Ms. Agarwal's interrogatory answers and discovery responses were due December 30, 2015. (ECF No. 29, at 1). Plaintiff's counsel communicated by e-mail to Mrs. Agarwal's counsel on January 4, 5, and 7 requesting information on Ms. Agarwal's overdue discovery responses. (ECF No. 29-2). On January 7, Ms. Agarwal's counsel informed Plaintiff's counsel that he expected to provide the responses early the following week, "Tuesday at the latest." (*Id.* at 4). Plaintiff's counsel, having not received the responses, filed the pending motion with the court the following Friday.

In her opposition, Ms. Agarwal states that she "served her answers to Plaintiff's interrogatories and her response to Plaintiff's request for production of documents" on January 25, 2016, rendering Plaintiff's motion moot.  (ECF No. 32 ¶ 1).  Furthermore, Ms. Agarwal asserts that "[t]he discovery requests propounded on [her] were identical to the requests propounded on her husband and co-Defendant, Prem Agarwal, who provided full and complete responses to the Plaintiff prior to the filing of its Motion to Compel."  (*Id.* ¶ 3).  Ms. Agarwal also notes that the timing of her responses "have not hindered or otherwise affected the Plaintiff's ability to take any depositions within the discovery deadline."  (*Id.* ¶ 4).  Plaintiff has not replied to challenge Ms. Agarwal's assertion that she provided the requested responses.  Accordingly, Plaintiff's motion to compel will be denied as moot.

Plaintiff also requests unspecified attorneys' fees and costs incurred in bringing the motion to compel in accordance with Fed.R.Civ.P. 37(a)(5)(A).  The discovery requests were identical to the requests propounded on Ms. Agarwal's husband and co-Defendant, there is no indication that Ms. Agarwal or her counsel acted in bad faith or with the intent improperly to delay discovery, and any impact of the delay in production appears to be minimal.  *See Boukadoum v. Hubanks*, 239 F.R.D. 427, 431 (D.Md. 2006) (denying a request for fees and costs in

part because of an absence of bad faith). Moreover, Plaintiff's counsel did not attempt to contact Ms. Agarwal's counsel after obtaining an expected date of production, instead filing the pending motion with the court. There is no indication that such contact would have been unsuccessful in obtaining the requested information without court action. Accordingly, Plaintiff's request for attorneys' fees and costs will be denied.

Accordingly, it is this 4th day of April, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to compel (ECF No. 28) BE, and the same hereby IS, DENIED AS MOOT; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                   /s/
                              DEBORAH K. CHASANOW
                              United States District Judge